**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13613

Non-Argument Calendar

————————————

PATRICK COMACK,

*Plaintiff-Appellant,*

*versus*

UNIVERSITY OF MIAMI,

("U of M"),

ANDRES M. KANNER, MD,

BONNIE E. LEVIN, PHD,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-23446-DPG

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

2                        Opinion of the Court                    25-13613

Patrick Comack, proceeding pro se, appeals the district court's dismissal without prejudice of his complaint for failure to state a claim upon which relief may be granted, and, alternatively, as an impermissible shotgun pleading. As Comack has failed to properly challenge the district court's reasoning for dismissing his complaint as a shotgun pleading, we affirm the district court.

"To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Where a pro se litigant fails to adequately brief an issue on appeal, the issue is "deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Sapuppo*, 739 F.3d at 681 (quotation marks omitted). If the appellant fails to properly challenge one of the grounds for the district court's judgment on appeal, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* at 680. An appellant abandons a claim when, for example: (1) he makes only passing reference to it, (2) raises it in a perfunctory manner without supporting arguments and authority, (3) refers to it only in the "statement of the case" or "summary of the argument," (4) refers to the issue as mere background to his main argument, or (5) raises it for the first time in his reply brief. *Id.* at 681-83.

We affirm the district court's dismissal without prejudice of Comack's complaint because he has failed to challenge the substance of the court's dismissal of his complaint as a shotgun pleading. While Comack does state the district court erred in dismissing his complaint on shotgun pleading grounds, he argues only that the district court erred because there are no page limitations in either the Federal Rules of Civil Procedure or the district court's local rules. However, the district court did not cite the length of Comack's complaint as a reason for dismissal, and instead determined it was a shotgun pleading because it contained multiple counts in which each subsequent count adopts the allegations of the preceding counts. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (explaining shotgun pleadings include complaints that contain multiple counts where each count adopts the allegations of all preceding counts). Even liberally construing his pro se brief, Comack has offered no argument as to why the complaint should not have been dismissed as a shotgun pleading for reincorporating and realleging all prior allegations in subsequent counts. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (explaining pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and are liberally construed, but the leniency afforded pro se litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action" (quotation marks omitted)). As Comack has abandoned any argument challenging the district court's reasoning for dismissal of his complaint on shotgun pleading grounds and

4                        Opinion of the Court                    25-13613

thus has failed to challenge one of the district court's alternative grounds for dismissal, we affirm.  *See Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**